Filed 1/31/25  P. v. Chavez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C099797 |
| Plaintiff and Respondent, | (Super. Ct. No. CR2013-2857) |
| v. | |
| SERGIO CHAVEZ, | |
| Defendant and Appellant. | |

Defendant Sergio Chavez, who was serving a 34-year sentence, filed a motion for resentencing under Penal Code section 1172.75 (undesignated statutory references are to the Penal Code).  Defendant was not present at the resentencing hearing.  Although defense counsel purported to waive defendant's presence at the hearing, the record does not contain a written waiver or demonstrate that defendant's waiver was knowing and intelligent.  Defendant appeals the judgment imposed following recall and resentencing,

1

contending the trial court prejudicially erred in conducting the resentencing in his absence and without a valid waiver. The People agree the trial court erred, but argue the error was harmless beyond a reasonable doubt. We will reverse the judgment and remand to the trial court for a new resentencing hearing.

FACTS AND HISTORY OF THE PROCEEDINGS

The facts supporting and the procedural background of defendant's underlying convictions are taken from the trial court's statement of facts at the resentencing hearing and our opinion in defendant's prior appeal. (*People v. Chavez* (Mar. 24, 2016, C078834) [nonpub. opn.].) Neither party objected to the trial court's statement of facts. On our own motion, we take judicial notice of our unpublished opinion in defendant's prior appeal. (Evid. Code, § 452, subd. (d)(1).)

Defendant was a maintenance worker at an apartment complex. Defendant, his girlfriend, and another friend, X.F., were socializing together at a bar. When they returned to the apartment complex, X.F.'s ex-girlfriend, M.G. saw them. M.G. was in a rage, screaming profanities at X.F. from her apartment. M.G. also threatened to kill herself. X.F. walked away without engaging with her. Defendant and his girlfriend went to M.G.'s apartment. (*Chavez*, *supra*, (Mar. 24, 2016, C078834) [nonpub. opn.].) Defendant stepped into the apartment, with a gun in his waistband. M.G. was terrified, grabbed a box cutter, and told him to get out. Defendant pulled out the gun and held it to M.G.'s head. M.G. dropped the box cutter and knocked the gun away. Defendant pointed the gun at her stomach and then her chest. He again put the gun near M.G.'s head and fired it. The bullet went into the wall and defendant left the apartment.

A jury found defendant guilty of assault with a semiautomatic firearm (§ 245, subd. (b)) and possession of a firearm by a felon (§ 29800, subd. (a)(1)). The jury also found true a personal use firearm enhancement. (§ 12022.5, subd. (a).) (*Chavez*, *supra*, (Mar. 24, 2016, C078834) [nonpub. opn.].) In bifurcated proceedings, the trial court

2

found true the enhancement allegations that defendant had a prior strike conviction (§ 667, subds. (c), (e)(1)), a prior serious felony conviction (§ 667, subd. (a)), and served two prior prison terms (§ 667.5, subd. (b)). (*Ibid.*) The trial court sentenced defendant to an aggregate term of 34 years, including upper term sentences on the assault conviction and the firearm enhancement, five years for the prior serious felony enhancement, and one year for one of the prior prison term enhancements.

In 2023, defendant filed a motion for resentencing pursuant to section 1172.75. The matter was set for hearing on October 27, 2023, and defense counsel filed a declaration in support of an order to produce defendant telephonically. The declaration explicitly stated defendant did not waive his presence at the hearing but waived his physical appearance. The trial court ordered defendant to be produced telephonically. The matter was continued to November 3, 2023. On October 27, 2023, defense counsel filed another declaration in support of an order to produce defendant telephonically. Again, the declaration explicitly stated defendant did not waive his presence at the hearing but waived his physical presence. The trial court again ordered defendant to be produced telephonically.

At the outset of the November 3, 2023, hearing, the trial court noted defendant was not present, and stated it had signed an order to produce defendant and thought defendant would be in court. The clerk informed the court "there was a problem getting [defendant] on the line from CDCR." The court stated it authorized defendant to call his attorney and they would put defendant on speaker phone. Defense counsel reported she had not received a call from defendant. She indicated they had tried multiple times to confirm the correct information with the prison. She then stated, "[a]nd I would like [to] proceed. I think [defendant] wants to proceed, so we'll waive his appearance."

At the resentencing hearing, the trial court considered: defendant's underlying convictions; criminal history; aggravating circumstances; post-conviction records, including his reduced security risk, treatment and programming; and rules violations.

3

The court considered evidence of defendant's childhood trauma. The court also considered the mitigation specialist reports as to defendant's social history and trauma and section 1385 criteria, and excerpts from defendant's medical records about his mental health. These records included information that defendant was diagnosed with PTSD major depression and experienced significant childhood trauma, including physical and emotional abuse, neglect, domestic violence, and parental substance abuse. The records showed defendant sought mental health support services. He also completed vocational training and substance abuse and anger management programs. Defendant also committed several rules violations. One rule violation occurred during a therapy session, when defendant's PTSD was triggered. The mental health clinician indicated defendant had been experiencing a dissociative flashback during the incident.

The trial court expressly found defendant suffered childhood trauma. But the court stated it could not find a nexus between the childhood trauma and the circumstances of the current offense. In response, defense counsel and the mitigation expert tried to explain the nexus, including what defendant had told them about the victim threatening to hurt herself, his fears in the moment, and defendant's trauma response to seeing a blade. The trial court found the childhood trauma was not a contributing factor requiring the court to impose the lower term.

The trial court also considered aggravating factors. The court found the aggravating factors it had previously found remained true: defendant had numerous prior convictions which were increasing in seriousness; he was on probation at the time of the offense; and the crime was a crime of great violence, viciousness, and callousness.

The trial court also considered dismissing the enhancements under section 1385, subdivision (c) based on the data showing the potential racially discriminatory impact of imposing the firearm enhancement and the interests of justice. The court found the multiple enhancements took the sentence over 20 years and again found the childhood trauma was not a contributing factor.

4

The trial court denied the motion to strike the prior strike conviction and denied the motion to strike the firearm enhancement. The trial court struck the five-year prior serious felony conviction enhancement and the two prior prison term enhancements. The court imposed an aggregate term of 28 years, consisting of: the upper term of nine years on the assault, doubled pursuant to the strike, plus 10 years for the firearm enhancement, and a concurrent middle term of two years for the possession of a firearm.

## DISCUSSION

Defendant contends the trial court prejudicially erred in conducting the resentencing hearing in defendant's absence and without a valid waiver of his presence at the hearing. The People agree the trial court erred, but argue the error was harmless beyond a reasonable doubt.

A defendant has a constitutional right to be present at all critical stages of a criminal proceeding, including sentencing and resentencing. (U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; *People v. Nieves* (2021) 11 Cal.5th 404, 508 (*Nieves*); *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*).) A defendant may waive that constitutional right, " 'as long as [their] waiver is voluntary, knowing and intelligent.' " (*People v. Davis* (2005) 36 Cal.4th 510, 531 (*Davis*).) Our Supreme Court has described the effectiveness of a defense counsel's waiver of a defendant's right to be present at resentencing as "unsettled" (*People v. Mendoza* (2016) 62 Cal.4th 856, 899); but has explained such a waiver is effective "only if there is evidence that the defendant consented to the waiver. [Citations.] At a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so." (*Davis,* at p. 532; see *Mendoza,* at p. 899.)

As the parties agree, defendant was entitled to be present at the resentencing hearing. Counsel purported to waive defendant's presence, indicating she thought defendant wanted to proceed. There is no evidence in the record that defendant

5

consented to this waiver or that he understood the right he was waiving or the consequences of that waiver. Nor is there evidence in the record as to the basis for counsel's assertion that defendant wanted to proceed, or the content of any conversations counsel may have had with defendant about his presence at the hearing. Rather, the record shows defendant had twice previously explicitly *not* waived his right to be present at the hearing, most recently just seven days before the hearing. There is no indication in the record counsel spoke with defendant in that week or that defendant changed his mind about his presence at the hearing. Moreover, counsel was not able to speak with defendant on the day of the resentencing hearing and either get his consent or advise him of his right and that by waiving it, he would be unable to contribute to the discussion of his resentencing. Accordingly, we agree with the parties the trial court erred in proceeding with the resentencing in defendant's absence, without a valid waiver of his right to be present.

Because the error implicates defendant's constitutional right to be present at a critical stage of the proceedings, we review the error under *Chapman v. California* (1967) 386 U.S. 18, 23 (*Chapman*). (*Davis*, *supra*, 36 Cal.4th at p. 532.) Under that standard, defendant's absence from the resentencing hearing requires reversal unless the People demonstrate the violation of defendant's constitutional right was harmless beyond a reasonable doubt. (*Cutting*, *supra*, 42 Cal.App.5th at p. 349.) That is, the People must establish, beyond a reasonable doubt, that the deprivation of defendant's federal constitutional right did not affect the outcome of the proceeding. (*Ibid.*)

The People contend the error was harmless because "[d]efense counsel vigorously litigated every aspect of the resentencing" and presented "vigorous argument at the resentencing hearing." The People note the court commended both defense counsel and the mitigation expert for their work on defendant's behalf. Accordingly, the People claim this court "can be sure beyond a reasonable doubt that [defendant's] absence did not affect the outcome of the resentencing hearing."

6

It is true that counsel vigorously advocated for her client and presented significant documentation supporting further reduction of defendant's sentence. But vigorous advocacy does not, in and of itself, meet the People's burden to establish that the error was harmless beyond a reasonable doubt. Rather, the People must show that defendant's presence could not have supplemented counsel's advocacy. The People can meet that standard, for example, where there is no significant information defendant could add to the resentencing hearing (see *Nieves, supra,* 11 Cal.5th at p. 509 [defendant's absence at restitution hearing harmless beyond a reasonable doubt where record did not indicate she could have contributed to counsel's ability to contest the restitution awarded and could not have provided any significant information beyond that presented by counsel]) or where the trial court could not have further reduced the sentence imposed (see *People v. Santos* (2024) 100 Cal.App.5th 666, 678, review granted May 29, 2024, S284341). Where the defendant *can* offer information that could contribute to counsel's advocacy, for example on mitigating factors that arose after his sentencing, the error is not harmless. (See *Cutting*, *supra*, 42 Cal.App.5th at p. 349; *People v. Velasco* (2023) 97 Cal.App.5th 663 ,674; *People v. Basler* (2022) 80 Cal.App.5th 46, 59-60.)

There were several ways in which the trial court could have further reduced defendant's sentence. The trial court imposed upper terms on the assault and the firearm enhancement and doubled the sentence on the assault because of the prior strike conviction. If the trial court were persuaded by defendant's additional information, it had discretion to impose middle or even lower terms on the assault and firearm enhancement, to strike the firearm enhancement, or to strike the prior strike conviction.

There were also several topics on which defendant could have offered additional information or insight that might have affected the trial court's exercise of discretion. The trial court found defendant suffered childhood trauma, but ultimately concluded it could not find the nexus between the childhood trauma and the current offense. Defense counsel and the mitigation expert tried to provide additional information that defendant

had shared with them to explain how defendant's childhood trauma affected defendant at the time of the offense and contributed to its commission. If defendant had been present at the hearing, he might have been able to provide additional information and insight on how his childhood trauma and PTSD where contributing factors in committing this offense. Even if the court did not conclude his childhood trauma and PTSD were contributing factors to the offense requiring the lower term, the trial court might have concluded that information served as sufficient mitigation to impose the middle term. The trial court might have also considered that additional information in assessing the aggravating factors of callousness and viciousness. Defendant might have expressed remorse for his actions, particularly as his substance abuse, anger management and mental health treatment may have given him additional insight on the harm his actions caused. Defendant might have provided context for some of his rules violations, the most recent of which arose in therapy when his PTSD was triggered. This additional context might have altered the trial court's consideration of his behavior while incarcerated. While the trial court might not have believed defendant or been persuaded by the additional information, we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome. (*Cutting*, *supra*, 42 Cal.App.5th at p. 350.)

DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing.  The trial court is ordered to conduct a new resentencing hearing at which defendant is present unless he validly waives his presence.

 

HULL, Acting P. J.

We concur:

DUARTE, J.

WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.